# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | | |
|---|---|---|---|
| JERROD L. BROWN, | ) | | |
| | ) | | |
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV409-070 |
| | ) | | CR404-111 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## REPORT AND RECOMMENDATION

In 2004, Jerrod Brown was sentenced to 220 months' imprisonment after pleading guilty to possession of a firearm by a convicted felon (as an armed career criminal). (Doc. 1 at 1.[1]) After unsuccessfully appealing his sentence, *United States v. Brown*, 143 F. App'x 259 (11th Cir. 2005) (per curiam), he filed the present § 2255 motion, which asserts a single ground for relief. (Doc. 1.) Although his sentence was enhanced for having committed three "violent felonies" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and United States Sentencing Guidelines ("USSG") § 4B1.4, he contends that he is entitled

---

[1] All citations are to the docket in Brown's civil case, CV409-070.

to resentencing because one of the predicate offenses, carrying a concealed weapon, is no longer considered a "violent felony." (Doc. 1 at 4.) With that ACCA enhancement removed, he argues, he should face a 120-month maximum sentence at resentencing. 18 U.S.C. § 924(a)(2).

Brown relies upon *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), a case decided in the wake of *Begay v. United States*, 553 U.S. 137, 148 (2008) (drunk driving under New Mexico law did not qualify as an ACCA "violent felony"). The *Archer* court explicitly overturned prior Eleventh Circuit precedent in holding that carrying a concealed weapon, under Florida law, does not involve the type of aggressive, violent conduct necessary to find a predicate ACCA offense and is therefore no longer a "crime of violence" under the parallel sentencing guidelines enhancement scheme. 531 F.3d at 1350-52. The government initially opposed the motion. (Doc. 3.) Having examined *Archer* and *Begay*, it admitted that Brown would face a ten-year maximum sentence if convicted today; but it argued that the intricacies of § 2255 still required that Brown's motion be denied. Specifically, Brown's claim was procedurally defaulted since he did not raise it on appeal, and his claim of

"actual innocence" could not overcome that procedural bar.[2] (*Id.* at 8-9.)

The government has since abandoned that argument and now concedes that Brown should be resentenced without the ACCA enhancement. (Doc. 7.) It explains:

> On June 21, 2010, a panel of the Eleventh Circuit issued *Gilbert v. United States*, ___ F.3d ___, 2010 WL 2473560 (11th Cir. 2010). In *Gilbert*, the panel held that a petitioner was entitled to relief under 28 U.S.C. § 2241 if he could demonstrate that one of the convictions relied upon to brand him a career offender under the Sentencing Guidelines no longer qualified as a "crime of violence" for purposes of that enhancement. This Court asked the government to comment on the effect of *Gilbert* on Brown's § 2255 motion (CV Doc. 5), and, on July 29, 2010, the government argued in a supplemental response that this court should withhold ruling on Brown's § 2255 motion until the Eleventh Circuit decided whether to re-hear *Gilbert* en banc. (CV Doc. 6)
>
> Upon further consideration, the government herein concedes that Brown is entitled to relief under 28 U.S.C. § 2255 and should be resentenced. . . . Brown is not procedurally defaulted from raising this issue for the first time in his § 2255 motion. The Supreme Court has recognized a narrow window for a defendant to overcome procedural default when the defendant is "actually innocent" of the underlying offense. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Bousley v. United States*, 523 U.S. 614, 623 (1998). The government agrees that Brown is now "actually innocent" of the statutory armed career criminal enhancement. His procedural

---

[2] The government conceded that the motion is timely under 28 U.S.C. § 2255(f)(3) and is not barred by *Teague v. Lane*, 489 U.S. 288 (1989). (Doc. 3 at 4-7.)

3

default should therefore be excused, his § 2255 claim decided on its merits, and the relief he requests granted.

(Doc. 7 at 2-3 (footnotes omitted).)

The Court agrees with the government's analysis of the narrow issue presented -- whether actual innocence excuses Brown's procedural default under these specific circumstances. Moreover, it is abundantly clear that, on the merits, Brown's claim succeeds. Accordingly, Brown's § 2255 motion should be **GRANTED**, and he should be resentenced without the armed career criminal enhancement.

**SO REPORTED AND RECOMMENDED** this  15th  day of September, 2010.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA